UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

BRYAN A. LAMEY,                                    No. 14-13729 ta7

       Debtor.

ROBERT I. MAESE, SR. and
ROBERT MAESE, JR.,

       Plaintiffs,

v.                                                 Adv. No. 15-1030 t

BRYAN A. LAMEY and
ANN LAMEY,

       Defendants.

## **MEMORANDUM OPINION**

Before the Court is Plaintiffs' request for attorney fees under Fed.R.Civ.P. 37(a)(5), sought in connection with obtaining an order compelling discovery. For the reasons set forth below, the Court concludes that reasonable attorney fees should be awarded.

## I.     FINDINGS OF FACT[1]

The Court makes the following findings, based on the dockets of the adversary proceeding and the main bankruptcy case,[2] the documents submitted by the parties, and the statements of counsel at discovery hearings.

---

[1] To the extent any finding of fact is construed as a conclusion of law it is adopted as such, and vice versa. The Court may make additional findings of fact and conclusions of law as it deems appropriate or as may be requested by any of the parties.

[2] The Court took judicial notice of the dockets. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may, sua sponte, take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed.R.Evid. 201 and concluding that "[t]he bankruptcy court

Bryan A. Lamey filed his Chapter 7 bankruptcy case on December 30, 2014. His amended bankruptcy schedules show assets of about $1.15 Million and liabilities of about $2.84 Million. Included among the liabilities were obligations to Los Alamos National Bank ("LANB") of about $1.832 Million and a debt to Plaintiffs of $250,000.

The deadline to file objections to Debtor's discharge and the dischargeability of certain debts was March 27, 2015. Plaintiffs and LANB wanted to conduct discovery to determine if there were grounds for filing § 727 or § 523 actions. On March 3, 2015, they filed a joint motion for a Rule 2004 examination of the Debtor, and a joint motion to extend the deadline to file § 727/523 actions. Debtor objected.

The matter was not heard before the March 27, 2015 deadline, so both LANB and Plaintiffs filed adversary proceedings asserting § 523 and § 727 claims. The gravamina of Plaintiffs' claims are twofold. First, Plaintiffs allege they began doing business with Defendant Bryan Lamey ("Defendant") in about March 2012. Defendant allegedly gave them a financial statement showing he had a net worth of $15.44 Million as of March 31, 2012. Defendant swore under penalty of perjury that as of December 30, 2014 (the petition date), his net worth was a *negative* $1.7 Million, a swing of more than $17 Million in two years and eight months. This translates to a loss of about $531,000 per month.

The other major component of Plaintiffs' complaint relates to the RV businesses they owned with Defendant. Defendant was the managing member of four limited liability companies created to own and operate the businesses.[3] In each case, he owned 51% of the LLCs while

appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013), *affirmed*, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").
[3] United RV Albuquerque, LLC; United Real Estate Albuquerque, LLC; United RV Las Cruces, LLC; and United Real Estate Las Cruces, LLC (together, the "RV Businesses").

Plaintiffs each owned 24.5% of the LLCs. Plaintiffs allege that Defendant took more than his fair share of the money out of the RV Businesses, gave them less than their fair share, converted an equity investment into a loan, breached his fiduciary duties, and committed other wrongs.

The Court held a hearing on the joint Rule 2004 motions on April 6, 2015. Shortly thereafter, the Court entered an order in the main case denying the request for a Rule 2004 examination and ordering the parties to conduct discovery in the pending adversary proceedings. In addition, the Court directed LANB and Plaintiffs to coordinate their discovery efforts to the extent practicable, to avoid duplication of effort. Finally, the Court set July 6, 2015 as the date before which LANB and Plaintiffs could freely amend their complaints based on discovery taken in the adversary proceedings.

Plaintiffs served interrogatories, requests for production, and requests for admission on Defendant on May 8, 2015. Service was by regular mail and email, so the deadline to respond was June 10, 2015.

On June 2, 2015, Plaintiff filed and served a notice to take the deposition of Defendant on June 15, 2015.

Defendant filed a motion for extension of time to respond to written discovery on June 8, 2015.[4] Defendant served his responses on June 12, 2015, two days late.

The Court held a hearing in the LANB adversary proceeding on June 17, 2015. At the hearing, counsel for LANB alleged that the Defendant was not complying with his discovery obligations, and asked for a hearing on the discovery disputes. Because of the joint discovery effort, the Court set a June 30, 2015 hearing in both adversary proceedings.

---

[4] The Court never ruled on the extension motion. The Court's ruling today, however, like past rulings in this discovery dispute, is not based on any waiver of Defendant's right to object to any written discovery because his initial responses were two days late.

On June 24, 2015 Plaintiffs filed a motion to compel Defendant to respond to the written discovery.[5]  Defendant filed a response on June 25, 2015.

At a June 26, 2015 scheduling conference, the Court heard preliminary arguments about the discovery disputes and the motion to compel.  After hearing arguments of counsel, the Court ordered Defendants to supplement their discovery responses and document production by June 29, 2015.  Plaintiffs were to file any amended motions to compel by July 2, 2015, and Defendants were to respond by July 8, 2015.  A final hearing on any discovery disputes was scheduled for July 9, 2015.

It appears Defendant served amended written discovery responses before July 2, 2015.  Defendant also responded to the amended motion to compel.

The Court held a lengthy hearing on discovery on July 9, 2015, going through many of Defendant's responses to Plaintiffs' interrogatories, requests for production, and requests for admission.  At the end of the hearing, the Court ordered Defendant to substantially revise his discovery responses and document production.  The Court's instructions to the Defendant were detailed.  The parties agreed to work on a form of order reflecting the Court's rulings.

Another hearing was held July 24, 2015, as a follow-up to ensure that discovery was proceeding as ordered.  At the request of the parties, the matter was continued while they worked on document production.

---

[5] The motion was filed the same day Plaintiffs sent their "good faith" letter outlining their perceived discovery deficiencies.  Defendant later filed a motion to sanction Plaintiffs based on this timing.  The Court denied the motion because Plaintiffs' actions were taken in response to the short deadlines set by the Court to deal with the discovery dispute.  At the time, the Court and the parties were trying to resolve the discovery dispute and complete Defendant's deposition before July 6, 2015.  It later became obvious the deadline could not be met, but the Court does not blame Plaintiffs for the timing of their first "good faith" letter.  In any event, it is clear that before June 24, 2015, Plaintiffs had engaged in substantial discussions with Defendant in an attempt to resolve the discovery disputes.  *See* Rule 37(a)(5)(A)(i).

-4-

Finally, the Court held a hearing on August 18, 2015. Defendant's counsel did not appear. The Court reviewed and revised a proposed form of order resulting from the July 9, 2015 hearing and set deadlines for Plaintiff to submit an affidavit in support of their attorney fee request.

On August 19, 2015, the Court entered the order resulting from the July 9, 2015 hearing on the amended motions to compel (the "Discovery Order"). By the Discovery Order, the Court granted, for the most part, Plaintiffs' amended motions to compel.

Plaintiffs filed their attorney fee affidavit on September 2, 2015. Their claimed fees, for work done between April 17 and September 2, 2015, plus New Mexico gross receipts tax, total $32,075. Defendant responded September 18, 2015.

As of July 9, 2015, Defendant personally had spent more than 250 hours on discovery in the adversary proceeding, and his counsel had billed more than 150 hours (attorneys and staff). During the period between April 17, 2015 and July 9, 2015, Plaintiffs were billed for 141.15 hours by their counsel (which includes more than 50 hours of paralegal time).

In addition to Defendant's general noncompliance with discovery, he was hampered by a lack of access to accounting records for the RV Businesses. From what the Court can gather, the accounting information was kept using proprietary software, to which Defendant no longer has access. Because of the lack of accounting records, Defendant has attempted to reconstruct needed accounting information for the RV Businesses from bank statements and other source documents. So far, the results have been unresponsive and unhelpful.[6]

---

[6] There were a number of ways Defendant could have dealt with this problem. It might have been wiser to notify Plaintiffs immediately that it was no longer possible to obtain the accounting records of the RV Businesses, to see if a mutually satisfactorily solution could have been agreed upon. Getting the Court involved at an early stage also might have been a good idea. Defendant's handling of the problem has caused delay and expense.

-5-

Plaintiffs wrote four lengthy, detailed letters to Defendant, outlining perceived deficiencies in Defendant's discovery responses. The letters were dated June 24, 2015 (26 pages), July 28, 2015 (13 pages), August 4, 2015 (17 pages), and August 26, 2015 (11 pages).

Defendant's written discovery responses, both original and amended, were deficient. Defendant's document production was similarly deficient.

The Court held four hearings on discovery in this matter (six if the hearings in the main case and the LANB adversary proceeding are counted). Although there were a few problems with Plaintiffs' discovery requests, Plaintiffs were the prevailing parties in the discovery fight.[7]

Additional findings are set out in Sections II(C) - (E) below.

## II. DISCUSSION

### A. Motions to Compel.

Fed.R.Civ.P. 37(a)(3)(B)[8] authorizes a motion to compel discovery if, inter alia, a party fails to answer an interrogatory or respond to a request for production. *Ameri v. GEICO General Ins. Co.,* 2015 WL 4461212, at *10 (D.N.M. 2015). Before such a motion is filed, the movant must serve a formal discovery request and must confer or attempt to confer with the responding party in good faith to attempt to obtain the discovery. *Id. a*t *11.

### B. Payment of Expenses.

Rule 37(a)(5) provides, in pertinent part:

*(5) Payment of Expenses; Protective Orders.*

---

[7] The fight apparently continues. Two weeks ago Defendant filed a motion for protective order and a motion to appoint a discovery expert. In this opinion, the Court only rules on the disputes and fee requests through August 18, 2015, plus work on the fee affidavit submitted September 2, 2015.

[8] This discussion includes Fed.R.Bankr.P. 7037, which incorporates Fed.R.Civ.P. 37 by reference. Both are sometimes referred to as "Rule 37."

*(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).*  If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

> (iii) other circumstances make an award of expenses unjust.

In *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673 (10th Cir. 2012), the Tenth Circuit stated:

> Under Rule 37(a)(5) the district court must ordinarily order a party to pay the opposing party's reasonable expenses, including attorney fees, incurred in filing or opposing a discovery motion if the opposing party's discovery motion is granted, the party provided discovery only after a motion to compel was filed, or the party's discovery motion was denied.

688 F.3d at 678.  The court also cited the 1970 advisory committee's note to Rule 37(a)(5):

> [T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists.  And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.

*Id.* at 680.

"The great operative principle of Rule 37(a)(5) is that the loser pays."  Wright, Miller & Marcus, *Federal Practice and Procedure* (3d ed. 2010 ("Wright & Miller"), § 2288, n. 17 and accompanying text.  *See also Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (quoting Wright & Miller); *In re Miller,* 2011 WL 2292310, at *7 (Bankr. N.D. Okla. 2011), reversed on other grounds, 2012 WL 1029534 (N.D. Okla. 2012); *In re Linde*, 2010 WL 3703278, at *2 (Bankr. D. Idaho 2010) (quoting *Rickels*).

-7-

"[T]he [court] ordinarily must order a party to pay the opposing party's reasonable expenses, including attorney fees, incurred in filing or opposing a discovery motion, if the opposing party's discovery motion is granted, the party provided discovery only after a motion to compel was filed, or the party's discovery motion was denied." *Gassaway v. Jarden Corp.*, 2013 WL 6729772, at *4 (D. Kan. 2013).

The losing party must pay such fees "unless the failure to respond was substantially justified or an award of expenses would otherwise be unjust." *Baker v. Sizzling Platter, Inc.,* 2007 WL 4302926, at *3 (D. Utah 2007). *See also Armijo v. Intel Corp.*, 2007 WL 5232455, at *3 (D.N.M. Aug. 4, 2007) (awarding fees under Rule 37(a)); *S2 Automation LLC v. Micron Technology, Inc.*, 2012 WL 3656454, at *42 (D.N.M. 2012) (awarding movant 80% of its attorney fees incurred in the motion to compel, because it prevailed in approximately 80% of the disputed discovery issues).

"A position is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule." Wright & Miller, § 2288, note 31 and accompanying text. The Advisory Committee Note on this issue states:

> On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court.

48 F.R.D. 487, 540 (Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery (1969)).

An award of attorney fees can be imposed on the losing party, or its counsel, or both. Rule 37(a)(5)(A). *See also* Wright, Miller, § 2288, notes 24 and 25 and accompanying text.

-8-

If a court decides to award expenses and fees, it must determine the proper amount. Wright & Miller, § 2288, n. 32 and accompanying text.

C.    <u>Defendant Did Not Provide the Requested Discovery</u>.

Plaintiffs' written discovery is lengthy, but the information sought can be summarized as follows:

- Information about Defendant's loss of $17 Million over 32 months, including a narrative explanation and documents supporting Defendant's position;
- Bank account statements from the relevant period, which would show deposits and withdrawals;
- Investment account statements;
- Credit card statements;
- Income tax returns;
- Information about other investments;
- Information about payments or property transfers to former wives;
- Information about real estate transactions;
- Information that would support Defendant's statement of assets on his bankruptcy schedules;
- Accounting information about the RV Businesses and what happened to the LLCs' cash and assets;
- Information about other lawsuits; and
- Information about Defendant's employment, educational, and criminal (if any) background.

As of July 9, 2015, Defendant provided very little useful information or documentation in response to Plaintiffs' discovery requests.

D.    <u>Defendant's Position Was Not Substantially Justified</u>.

Defendant's position in this matter was not substantially justified. The adversary proceeding involves serious fraud allegations and Defendant's Chapter 7 discharge. Given Defendant's claimed losses, thorough and detailed discovery into what happened is entirely appropriate. Similarly, thorough discovery into Defendant's handling of the RV Businesses and assets is appropriate. Finally, it is appropriate to obtain discovery about assets and transactions disclosed on Defendant's bankruptcy schedules and statement of financial affairs.

-9-

Defendants' overall effort to respond to Plaintiffs' written discovery fell well short of the "substantially justified" test. Considering Defendant's amended written discovery responses, the Court finds the following:

| Response | Total interrogatories/requests | Number of deficient responses |
|---|---|---|
| | | |
| Maese Sr. Interrogatories | 25 | 16 |
| Maese Sr. Requests for Production | 76 | 70 |
| Maese Sr. Requests for Admission | 47 | 23 |
| Maese Jr. Interrogatories | 15 | 5 |
| Maese Jr. Requests for Production | 27 | 26 |
| Maese Jr. Requests for Admission | 46 | 6 |

Many of the interrogatory responses were unresponsive. Instead of answering the interrogatory, most responses started with a lengthy, rote objection, followed by a lengthy citation to Bates-numbered documents that had been produced. Often, the documents had nothing to do with the interrogatory, and no narrative response was given. Overall, most interrogatory responses were unhelpful and did not comply with Defendant's discovery obligations.

Similarly, Defendant's responses to requests for production had lengthy, rote objections followed by lengthy citations to Bates-numbered documents. The method of responding, combined with the method of production, rendered the document production nearly useless. In addition, the Court finds that the document production did not comply with Rule 34 because, inter alia, it was difficult or impossible for Plaintiffs to find the documents responsive to a specific request by reviewing the production. *See* Rule 34(b)(2)(E)(i).

Finally, Defendant's responses to the requests for admission included citations to documents, which is unnecessary, and in many instances neither admitted nor denied the request but stated "other," followed by an objection or narrative explanation, followed by a citation to

-10-

various Bates-numbered documents. The proper response to a request for admission is to admit or deny the request. *See* Rule 36(a)(4). The responding party may respond that he has insufficient knowledge to admit or deny the request, but must aver that he has made a reasonable investigation and is unable to obtain sufficient information. *Id.*

      E.     <u>Reasonable Fees</u>.

Having determined that Plaintiffs prevailed on their motion to compel, the Court is required to award "reasonable expenses . . . including attorney's fees." Rule 37(a)(5)(A). The Court concludes that Plaintiffs should be awarded attorney fees for their work in obtaining the Discovery Order and this fee award. No circumstances make an award of fees unjust.

The Court reviewed Plaintiffs' fees for time billed in this matter. The Court believes the following fees are reasonable under Rule 37(a)(5)(A):

| Task | Michael Danoff ($250/hr) | Brett Danoff ($200/hr) | Paralegal ($75/hr) |
|---|---|---|---|
| | | | |
| Drafting Motion to Compel | | $4,120 (20.6 hrs) | $300 (4 hrs) |
| Attending Hearings on the Motion to Compel | $2,050 (8.2 hrs) | $4,980 (24.9) | $1,320 (17.6 hrs) |
| Preparing Discovery Order | | $260 (1.3 hrs) | |
| Attorney Fee Affidavit | $500 (2 hrs) | $1,100 (5.5 hrs) | |
| | | | |
| Subtotal | $2,550 (10.2 hrs) | $10,460 (52.3 hrs) | $1,620 (21.6) |
| | | | |
| Total | **$14,630** | | |

The Court finds that the hourly rates charged by Plaintiffs' counsel are reasonable, that the time spent, as set forth above, is reasonable.

In arriving at this amount, the Court did not consider fees incurred by Plaintiffs in their "good faith attempt to obtain the disclosure or discovery without court action." The Court holds

-11-

that such amounts, even though they must be incurred before a motion to compel is filed, are not part of the fees incurred in "making the motion." *See, e.g., Underdog Trucking, LLC v. Verizon Services Corp.,* 276 F.R.D. 105 (S.D.N.Y. 2011) (in detailed analysis of fees to be awarded, court starts with the motion to compel rather than previous good faith efforts to resolve the dispute); *Tollett v. City of Kemah,* 285 F.3d 357 (5th Cir. 2002) (same). *See also Ohio v. Arthur Andersen & Co.,* 570 F.2d 1370, 1375 (10th Cir. 1978) (construing a prior version of Rule 37(a)(5), the court started its fee analysis began when the movant filed its motion to compel production). There is contrary authority. *See, e.g., Moore v. Weinstein Co., LLC,* 2012 WL 1657968, at *2 (M.D. Tenn. 2012) (under appropriate circumstances, fees incurred in good faith efforts to resolved discovery disputes can be compensable).[9]

The Court also did not include any time spent by Plaintiffs' counsel reviewing the documents produced. While such a review likely was necessary to determine any discovery deficiencies, the review would have had to have been performed in any event. *See Mosaid Tech, Inc. v. Samsung Elecs. Co.,* 224 F.R.D. 595, 598 (D.N.J. 2004); *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.,* 248 F.R.D. 64, 69 (D.D.C. 2008) (same).

On the other hand, the Court concludes that fees incurred drafting the attorney fee affidavit come within the "making the motion" language of Rule 37(a)(5)(A). *See, e.g., Chesemore v. Alliance Holdings, Inc.,* 2015 WL 5093283, at *5 (W.D. Wis. 2015) (allowed fees incurred in preparing the fee affidavit); *Schroeder v. H & R Block Eastern Enterprises, Inc.*, 2013 WL 1249052 (M.D. Tenn. 2013) (successful movant is entitled to some fees incurred preparing motion for attorney's fees); *Tequila Centinela,* 248 F.R.D. at 72 (same). *But see Federal Deposit Ins.*

---

[9] When deciding which legal tasks are compensable under Rule 37(a)(5), the case law is conflicting. The Court has followed Tenth Circuit guidance where it exists, but otherwise has ruled based on its view of how Rule 37(a)(5) should be reasonably construed.

-12-

*Corp. v. Broom*, 2013 WL 5567452 (D. Colo. 2013) (court did not award fees incurred to obtain the fee award)

Finally, the awarded fees do not include amounts incurred enforcing the Discovery Order. If the Court needs to address that issue, it will consider at that time whether any fees in the fee affidavit should be awarded under Rule 37(b)(2)(A).

With gross receipts tax of 7.185% (or $1,051), the total fee award will be $15,681.

III.     CONCLUSION

A separate order will be entered.

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: October 30, 2015

Copies to:

Brett J. Danoff
1225 Rio Grande Blvd NW
Albuquerque, NM 87104

Michael Danoff
1225 Rio Grande Blvd NW
Albuquerque, NM 87104

James T. Burns
1803 Rio Grande Blvd NW, Ste. B
Albuquerque, NM 87104

Louis Puccini
P.O. Box 25167
Albuquerque, NM 87125